UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **JOSHUA ROYSTER** | **CIVIL ACTION NO. 11-CV-1024** |
| **# 00006687** | **SECTION P** |
| **VS.** | **JUDGE MINALDI** |
| **STATE OF LOUISIANA, ET AL** | **MAGISTRATE KAY** |

### REPORT AND RECOMMENDATION

Before the court is Joshua Royster's *pro se* civil rights (42 U.S.C. § 1983) complaint filed *in forma pauperis* on June 9, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is currently incarcerated at Calcasieu Correctional Center (CCC) in Lake Charles, Louisiana. He names the following as his defendants herein: State of Louisiana, Calcasieu Sheriff's Department, Department of Justice (DOJ), Department of Corrections, and Keefe Commissary Network Sales Co.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *Statement of the Case*

Plaintiff alleges "price gouging" or "price fixing" on the part of the defendants. More specifically, he complains that the defendants have violated his due process rights by improperly taxing and overcharging him for commissary items such as stamps and paper. Plaintiff also claims that his First Amendment rights have been violated as he is unable to use certified mail/return receipt requested in order to track his legal mail. Plaintiff claims that this violates

Bureau of Prisons (BOP) Program Statement 3420.09, Employee Ethics Work Standards. Doc. 1, p. 1.

As relief for the above, plaintiff seeks reimbursement for being over-taxed and for $500,000,000.00 in a class action suit. Doc. 1, pp. 3 & 4.

## *Law and Analysis*

### 1. *Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* at 1025 (failure to state a claim).

### 2. *42 U.S.C. §1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, the initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional

violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendant(s) liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case he could have under the circumstances, and that further amendment of the pleadings would serve no useful purpose. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." A*shcroft v. Iqbal* 556 U.S. 662, 664 (2009) Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of the doubt, the court concludes, for the reasons stated in the analysis below, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

    *a. Commissary Prices*

Plaintiff complains about being charged $.53 for "stamp & envelope" at the prison commissary, whereas the normal rate for purchasing stamps from the U.S. Postal Service at the time of filing was only $.44. Doc. 1, p. 1. It is unclear from the language of the complaint whether the petitioner is complaining about being charged $.53 total for both a stamp and an envelope, or $.53 for each. Regardless of the interpretation of plaintiff's claim, the plaintiff has failed to state a claim for which relief can be granted.

The law is clear that inmates have no constitutionally protected interest in purchasing goods through the prison commissary at the cheapest price possible. *Grice v. Blanco*, No. 07–0617, 2007 WL 2908826 (W.D.La. Jul. 18, 2007) (unpublished), at *13. The court in *Grice*

relied on the Supreme Court's decision in *Wolff v. McDonnell*, which held that "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." 418 U.S. 539, 556 (1974). In *Grice,* the plaintiff, an inmate in custody at the Alabama Department of Corrections but incarcerated in South Louisiana Corrections Center (LCS), filed a complaint under § 1983, contesting his transfer to the prison in Louisiana and alleging that commissary prices at the LCS were unconstitutional because they were higher than those in Alabama. *Grice,* No. 07–0617, 2007 WL 2908826 *at 12, 13. The court in *Grice* dismissed the plaintiff's claim for failing to state a claim for which relief can be granted and as frivolous, because the plaintiff had no constitutionally protected right in purchasing goods at the commissary at the same price as the goods were sold at the Alabama commissary. *Id.*\*at 6, 15.

Therefore, under *Wolff* and *Grice*, the plaintiff in the case at bar fails to state a claim of violation of constitutional rights cognizable under § 1983. The plaintiff only alleges that he is being overcharged at the commissary, but provides no set of facts in support of his claim that would entitle him to relief. Also, plaintiff's claims are frivolous because they lack an arguable basis in law or in fact. Accordingly, plaintiff's claim should be dismissed with prejudice.

### b. *Access to the Courts Claims*

Plaintiff claims that he is not able to use the mail system in accordance with his First Amendment rights. Specifically, he complains about not being able to utilize certified mail/return receipt requested for tracking purposes for legal mail. Doc. 1, p. 1. Plaintiff's contention that not being able to use certified mail/return receipt denies him access to the courts also fails. Prisoners have a constitutional right of meaningful access to the courts. *Degrate v. Godwin*, 84 F.3d 768, 768–69 (5th Cir.1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). However, "prison

restrictions are valid if reasonably related to valid penological interests." *Lewis v. Casey*, 518 U.S. 343, 402 (1996) (quoting *Turner v. Safley*, 482 U.S. 78, 107 (1987)). In *Lewis*, the Supreme Court reviewed its holding in *Bounds*, the source of the rule that prisoners have a constitutional right to "meaningful access to the courts." *Id*. In *Lewis*, the court limited the parameters of *Bounds* and set forth a standard to be applied when determining whether to grant relief for an access to the courts violation. In so holding, the court noted that a prisoner must show an actual injury, explaining that this requirement is derived from the doctrine of standing. *Lewis*, 518 U.S. at 349. The court emphasized that its role is to provide relief to claimants who have suffered actual harm, not to interfere with the management of prisons. *Id*.

Accordingly, the Fifth Circuit has held that a prisoner cannot prevail on an access to the courts claim without proving an actual injury as a result of the defendant's alleged unconstitutional conduct without his complaint being frivolous. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998); *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir.1999). In the instant case, plaintiff has failed to state an actual injury. Therefore, his claim should be dismissed with prejudice.

### 3. *Improper Parties*

The court notes that several parties to this action do not have the capacity to be sued. Specifically, the State of Louisiana, the Louisiana Department of Corrections (LDOC), and the Calcasieu Parish Sheriff's Department are not proper parties to this suit. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the above entities have the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana

Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24.

Plaintiff names the State of Louisiana and the LDOC as defendants herein. However, neither states nor state agencies are "persons" within the meaning of 42 U.S.C. § 1983. *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007); *Will v. Michigan State Dep't of Police*, 491 U.S. 58, 71 (1981). The State of Louisiana is an improper defendant because a state simply is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will,* 491 U.S. at 66. (1989); *Laxey v. Louisiana Board of Trustees*, 22 F.3d 621, 623 n. 2 (5th Cir. 1994);

Furthermore, any § 1983 claim against the state is also barred by the Eleventh Amendment. U.S. Const. amend. XI; *Rodriguez v. Texas Commission on the Arts*, 199 F.3d 279, 280 (5th Cir. 2000) ("Citizens may not bring suit against a state or any instrumentality thereof without the state's consent. The Eleventh Amendment also bars lawsuits against a state agency if the agency is so closely connected to the state that the state itself is the party in interest. *See Vogt v. Board of Comm'rs of the Orleans Levee District,* 294 F.3d 684 (5th Cir. 2002). The Fifth Circuit has previously analyzed the Department of Public Safety and Correction's status as protected by the Eleventh Amendment from lawsuits brought in federal court. *See Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312 (5th Cir. 1999). Thus, plaintiff's action against the state of Louisiana and the LDOC is barred, and should be dismissed with prejudice.

The Calcasieu Parish Sheriff's Department is also not a proper party. In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 864 (M.D. La. 1988). The State of Louisiana has not granted juridical status to Calcasieu Parish Sheriff's Department nor to any parish sheriff's office. *Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236 (La. App. 3rd Cir. 11/23/77), *writ denied*, 325

So.2d 235 (La. 8/30/77). Thus, the Calcasieu Parish Sheriff's Department is not a juridical person capable of being sued under 42 U.S.C. § 1983.

### 4. Miscellaneous

Plaintiff claims that not being able to utilize the certified mail/return receipt is a violation of B.O.P. Program Statement 3420.09, Standards of Employee Conduct. Doc. 1, p. 1-3. The B.O.P Program Statement applies to Federal prisons. By its own terms, this statement does not apply to state employees. Moreover, even if this Program did apply to CCC employees, this statement is not relevant because it makes no reference as to whether certified mail/return receipt services should be made available to prisoners. Thus, this statement cannot provide a basis for relief.

Plaintiff also claims violations of various constitutional rights, such as the "5th Amendment Double Jeopardy Clause," the "17th Amendment," and "'Ex Post Facto Clause' due to tax preparation addendums." Doc. 1, p. 1-2. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft v. Iqbal* 556 U.S. 662, 664 (2009). Plaintiff does not support his conclusions with sufficient factual allegations to make his claims plausible under the *Iqbal* standard.

### *Conclusion*

Foregoing considered,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C.1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 29th day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE